PILOT LIFE INS. CO. *v.* WADE.*

(Division A. April 22, 1929.)

[121 So. 844. No. 27895.]

*Corpus Juris-Cyc References: Fraud, 26CJ, section 59, n. 1142, n. 13; Life Insurance, 37CJ, section, 317 p. 562, n. 5, 6.

*D. E. & C. W. Sullivan,* for appellant.

*Currie, Stevens & Currie,* for appellee.

Smith, C. J. This is an appeal from a decree overruling a demurrer to a bill of complaint and was granted for the purpose of settling the principles of the case.

The bill was filed by the appellee and sets forth, in substance, that the appellant issued to her husband a life insurance policy for the sum of five thousand dollars, payable to her in the event of his death, and that he was accidentally drowned; that, in order to induce her to accept two thousand five hundred dollars in settlement of the policy, an agent of the appellant fraudulently represented to her that her husband died of heart failure, and not by accidental drowning; that Dr. Faulk had so stated; that both of these statements were untrue, but were relied on by the appellee and caused her

to accept two thousand five hundred dollars in settlement of the amount due on the policy and to execute a release to the appellant from further liability on the policy; that when the offer was made by the appellant's agent he told the appellee that it must be then acted on, if at all. The bill does not disclose any offer by the appellee to return the two thousand five hundred dollars paid on the policy to the appellant, and no tender thereof was made to the bill. The prayer of the bill is for the cancellation of the release to the appellant executed by the appellee and for the recovery of two thousand five hundred dollars alleged to be still due the appellee on the policy. The bill was filed more than six months after the appellee's settlement with the appellant, and it does not appear therefrom when she discovered that the statements made to her by the appellant's agent were not true.

The demurrer challenges the sufficiency of the bill on three grounds: First, the allegation of fraud is insufficient to warrant a recovery by the appellee; second, the appellee ratified the settlement by delay in disaffirming it; and, third, that she should have returned, or offered to return, the money paid her by the appellant.

The bill of complaint does not allege, as it should have done, that the appellee was ignorant of the falsity of the representations made to her that her husband had died of heart disease, and that Dr. Faulk had so stated, or that she endeavored to ascertain the truth or falsity of the statements before accepting appellant's offer of settlement. If she knew that these statements were false, or could have ascertained that they were from the ordinary means of information at her command, she was not justified in relying thereon. Moreover, the statement of appellant's agent that the appellee's husband died of heart failure was not of itself alone sufficient as a predicate for fraud. It would have been sufficient therefor when reinforced by the opinion of Dr. Faulk (who, we

will assume, though the bill does not so allege, is a physician and competent to express such an opinion), provided the appellee knew, or was induced by the appellant's agent to believe that Dr. Faulk was a physician and based his opinion on personal or communicated knowledge of her husband's physical condition, without which his opinion could have been of no value. In order for a false representation to constitute fraud, it must have been made under such circumstances and be of such nature that a reasonably prudent person would act thereon.

As it does not appear from the bill when the appellee ascertained the falsity of the statements made to her by the agent, she cannot be held on the face of the bill to have ratified the settlement.

As the ground on which the appellee seeks to overturn the release executed by her is that it was fraudulently obtained, it was not necessary for her to offer to return the money paid her therefor in order to maintain this suit. *Jones* v. *Alabama & V. R. Co.*, 72 Miss. 22, 16 So. 379.

*Reversed and remanded.*