HARRISON, et al. *v.* VERMILLION, et al.

Feb. 18, 1952.

No. 38257 (56 So. (2d) 811)

Jos. E. Brown, L. C. Gwin, and Brandon, Brandon, Hornsby & Handy, for appellants.

C. F. Patterson, for appellees.

Roberds, J.

This case comes here from a decree overruling a general demurrer of appellants to the bill filed herein by appellees. The demurrer asserted ''That there is no equity on the face of the bill.''

The bill alleges that on May 21, 1926, Emma Wood executed a deed to Mrs. Marie Clarke conveying certain described property located in Natchez, Mississippi; that this deed vested in the grantee only a life estate. The conveyance was duly placed of record.

On May 29, 1941, Mrs. Clarke executed to John C. Hodge a lease on the property conveyed to her. That lease was for a term certain beginning May 1, 1941, and ending at midnight January 31, 1949, for a monthly rental of $75, the lessee agreeing to make certain substantial permanent improvements upon the leased property. The lease vested in the lessee the option to renew the lease for an additional ten years, by giving the lessor thirty days notice, the monthly rental for the extended term to be $100 per month.

On the leased premises Mr. John C. Hodge operated a drug store under the name of Economy Drug Store until his death. The bill does not say when he died but apparently it was in the year 1948.

He left a last will and testament, in which he designated his wife, Mrs. Deleta Turnage Hodge as executrix. She had remarried and was Mrs. Harrison when the bill herein was filed. The Hodge will was duly probated and letters executorship issued to Mrs. Hodge. Mr. Hodge left as his heirs at law his wife, John C. Hodge, Jr., a son, and two adopted children, Marguerite Hodge and Theda Franklin Hodge, the latter two being minors when the bill herein was filed. The children contested the validity of the Hodge will, and on August 21, 1948, the will was held to be invalid. After the contest was begun the Chancery Court of Adams County appointed J. R. Oliver temporary administrator of the Hodge Estate. Oliver qualified and took over management of the estate. All of the heirs of John C. Hodge, and Oliver, temporary administrator of his estate, were made parties defendant to the bill herein. The bill alleges that shortly after the death of John C. Hodge negotiations were had between Mrs. Harrison, individually and as executrix, and Oliver, temporary administrator, looking to the sale to appellees of the drug store business, including the stock of merchandise, etc., and a sub-letting of the leased premises, to Vermillion and Bolen, the appellees herein. On May 5, 1948, Oliver, as temporary administrator in charge of the Hodge estate, filed a petition in the chancery court praying for approval of the agreed terms of purchase by appellees and authority to execute the bill of sale and the sub-lease and consummate the agreement with appellees. The petition is not exhibited with the bill but presumably it set out the terms upon which the parties had agreed. On May 25, 1948, a decree was entered approving that sale and authorizing the administrator to execute the necessary papers to consummate it. The decree itself is not exhibited but the bill alleges it was granted. Pursuant to this petition and decree Mrs. Harrison, as executrix (and individually), and Oliver, as temporary administrator, executed to appellee a bill of sale of the drug store stock of goods and merchandise,

etc., and, by separate instrument, executed to appellees a sub-lease of the premises theretofore leased by Mrs. Clarke to John C. Hodge. That sub-lease was for the unexpired fixed term in the Clarke lease and for the ten years optional extension described therein, which extension would end at midnight of January 31, 1959. This sub-lease conferred upon the lessees the rights of the original lessee, John C. Hodge, under the Clarke lease, including the option of renewal. The rental to be paid under the sub-lease was $250 per month. It recited Hodge had made all of the permanent improvements to the leased property which he had agreed to make under the original Clarke lease. The sub-lease expressly states it was made under the original Clarke lease, giving the date thereof and book and page where recorded.

Appellees were delivered the personal property included in the bill of sale, took charge of the premises and began to operate the drug business, and were so operating it when the bill herein was filed in November 1950. The theory of the bill seems to be that Mrs. Harrison, individually and as executrix, and Oliver, temporary administrator, practiced a fraud upon appellees. Construing the allegations of the bill most strongly against the pleader, as we must do, ▮▮ the most that is said of wrongdoing by the defendants just named is that they should have known that Mrs. Clarke only had a life estate in the drug store building and lot and should have so informed appellees of this limited estate so that they would not have taken the risk of having the lease terminated before expiration of the ten-year extension. It is not alleged in the bill that these defendants made any affirmative representation or misrepresentation as to the title of Mrs. Clarke, or the duration of the lease, whatsoever. It is simply charged that the Wood-Clarke deed was of record and was constructive notice to Mrs. Harrison individually and as executrix and to Oliver, temporary administrator, and that these parties knew appellees were paying a good price for the stock of merchandise

and expected to operate the drug business in the leased building, and that it was a fraud on appellees for said defendants not to so discover the true estate owned by Mrs. Clarke and reveal that to the complainants. It is not alleged that any confidential or fiduciary relation existed between the parties nor that appellees relied upon any statement of Mrs. Harrison and Oliver. Indeed, it is clear they were dealing at arm's length. The Wood-Clarke deed was on record and was as much constructive notice to appellees as to Mrs. Harrison and Oliver. Nor does the bill state that appellees relied upon, or were induced to enter into the purchase of the stock of goods and the sub-lease by, any misrepresentation of Mrs. Harrison and Oliver. The bill did not charge actionable fraud. Salter v. Aviation Salvage Company, 129 Miss. 217, 91 So. 340, 26 A. L. R. 987; Pilot Life Ins. Company v. Wade, 153 Miss. 874, 121 So. 844; New York Life Insurance Company v. Gill, 182 Miss. 815, 182 So. 109; Farrar v. Churchill, 135 U. S. 609, 10 S. Ct. 771, 34 L. Ed. 246; 23 Am. Jur. 851, Sec. 77.

Again, as to defendants, John C. Hodge, Jr., and Marguerite Hodge and Theda Franklin Hodge, it is not claimed they were guilty of any fraud or deceit. They did not sign the bill of sale or the sub-lease. Indeed, the latter two were minors when the bill was filed. No charge in the bill could possibly apply to them even though a case of fraud had been stated. Also, it will be noted this sale was made by the executrix and administrator under order of the chancery court. It is not intimated that any fraud was practiced upon the court. The allegations undertaking to state a cause of action based upon fraud or deceit could not apply to the executrix and administrator as such. It is noted in this connection also that complainants do not ask for a rescission of the sale or the sub-lease. They propose to keep the fruits of both instruments. They ask for damages, that the rent be reduced for balance of the term to $100 per month and that funds in the hands of the temporary administrator be im-

pounded and applied to payment of the damage to be fixed by decree of the chancery court. How that could be done, under the circumstances here, is difficult to conceive.

■ ■ Again, the bill shows that Mrs. Clarke is yet living and it states no reason leading to the conclusion she is not likely to live out the extended period of the lease. Complainants are paying her $100 per month as agreed in the sub-lease. The bill sets forth no damage and they may never suffer any. The suit was prematurely brought. At least, it sets forth no cause of action based upon accrued damage. There is no method, under the circumstances, of fixing the damage. Miller v. Fowler, 200 Miss. 776, 28 So. (2d) 837; 3 Am. Jur. 451-452, Secs. 59 and 60; Winston v. Miller, 12 Smedes & M. 550.

■ ■ And, finally, a complete answer to the bill as drawn is that had Mrs. Harrison and Oliver, or either, made any representation, express or implied, as to the character of the title which was vested in Mrs. Clarke by the deed from Emma Wood, such representation would have been purely an opinion upon a legal question. The first part of the Wood deed is a straight out warranty of title. The "to have and to hold" clause says she is conveyed a life estate, remainder to other parties. It may be, as to which we express no opinion, the deed conveys her only a life estate, but at least it presents a question of law, and any statement by defendants as to its effect would have been the expression of a legal opinion. There is no intimation that complainants had, or pretended to have, legal knowledge superior to that possessed by complainants. Fraud could not be predicated upon that situation. Penn. Mutual Life Insurance Company v. Nunnery, 176 Miss. 197, 167 So. 416. The demurrer should have been sustained.

Reversed and remanded.

**Kyle, Lee, Hall** and **Ethridge, JJ.,** concur.